FIRST METHODIST EPISCOPAL CHURCH OF ATTICA V. FILKINS *et al.*

*Religious corporations — rights of trustees to possession of property of.*

An action may be maintained by the trustees of a religious corporation organized under Laws of 1813, chap. 60, § 3, in the name of the corporation, to recover possession of the church building, although the building is occupied by a majority of the corporators; such occupation being in opposition to the authority of the trustees.

EXCEPTIONS ordered to be heard at general term, in the first instance. The action was brought in the name of the corporation as plaintiff, by the trustees thereof, for the recovery of the possession of the church building from which it was alleged defendants, Daniel Filkins and others, had unlawfully evicted the plaintiff, and for the recovery of $1,000 damages. During the trial the defendants offered to prove that the entry was made by a large majority of the corporators, for the sole purpose of transacting the business of the society and for religious purposes. This evidence was excluded under exception. The judge charged the jury that an eviction and withholding possession of the premises belonging to a religious corporation from their trustees was, in effect, an eviction and withholding the same from the corporation, although such eviction and withholding were done by a large majority of the corporators against the consent of the trustees. To which defendants excepted. The jury found a verdict for plaintiff. Defendant now moves for a new trial.

*George F. Danforth,* for plaintiff, cited *Bundy* v. *Trustees of Otego; Baptist So.* v. *Birdsall,* 29 Barb. 31; *People ex rel. Fulton* v. *Fulton,* 11 N. Y. 94; *Robertson* v. *Bullions,* id. 245; *Bowen* v. *Irish Presbt. So. of N. Y.,* 6 Bosw. 265; *Petty* v. *Tooker,* 21 N. Y. 269; *Madison Av. Baptist Church* v. *Baptist Church in Oliver St.,* 46 id. 131; *People* v. *Runkle,* 9 Johns. 147.

*M. H. Peck,* for defendants, cited *Petty* v. *Tooker,* 21 N. Y. 267; *Gram* v. *Prussia, etc., So.,* 36 id. 161; *Burrell* v. *Assoc. Reform Church,* 44 Barb. 282; *Baptist Church* v. *Witherell,* 3 Paige, 296; *Cammeyer* v. *Lutheran Church,* 2 Sandf. 186.

E. DARWIN SMITH, J. It is well settled that in all religious corporations organized under the third section of the act of 1813, (Laws 1813, chap. 60), providing for the incorporation of religious societies, the trustees elected and acting as such, and their successors, are vested with the custody, possession, management and legal control of all the property and temporalties belonging to their particular society, in the same manner and to the same effect as the directors of private corporations are entitled to the possession and control of their property. *Robertson* v. *Bullions*, 11 N. Y. 243; *Petty* v. *Tooker*, 21 id. 267; *Burrell* v. *Associate Reformed Church*, 44 Barb. 307.

In conformity with this view, the trustees who instituted this suit were entitled to sue in the name of the corporation and to recover possession of the property from which they were evicted by the acts of the defendants, and the rulings of the circuit judge in respect to their rights, as stated in the case, were entirely correct. While it is doubtless true, as argued by the counsel for the defendants, that the corporation consists not of the trustees only, but of all the members of the society, and that the society itself is incorporated and its members are the corporation — yet the trustees are the legal representatives of the corporation, and the individual corporators have no control over its temporalities except to vote at the election of trustees, and to occupy the pews sold or rented to them during the periods of Divine worship, under such rules and regulations as the said trustees may prescribe.

This view of the relative rights of the trustees and the corporators at large answers entirely, I think, the argument that a majority of such corporators or members of the society, or any number, more or less, of the society had the right forcibly to take possession of the church building of the corporation and hold and control it in opposition to the authority, will and requirement of the trustees. All such acts of individual corporators, or of the whole body of the corporation exclusive of and in opposition to the trustees, are illegal, and all such persons so acting are simply trespassers. The individual stockholders of a bank or of a railroad company might, with just as much right, seize the bank or the railroad, and seek to control the property and affairs of the corporation in defiance of its board of directors. The suggestion that such a right exists is simply preposterous.

The rulings of the circuit judge throughout the trial were in substantial conformity with these views.

The defendants were simply trespassers in taking possession of the church in defiance of the trustees, and ejectment lay at the suit of the corporation to recover such possession as held in the case of *Petty* v. *Tooker, supra,* which was an action of ejectment and involved a controversy between two sets of trustees as to possession of a church building. The judge correctly ruled that an eviction of the trustees of the plaintiff was in legal effect an eviction of the plaintiff.

I see no error in the ruling of the circuit judge, and I think a new trial should be denied and judgment ordered on the verdict.

*New trial denied.*